**Joe A. HUNTER, Plaintiff-Appellant,**

v.

**DEPARTMENT OF the AIR FORCE AGENCY, Defendant-Appellee.**

No. 87-5518
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 10, 1988.

Joe A. Hunter, pro se.

Leon B. Kellner, U.S. Atty., Robyn J. Hermann, Andrea A. Simonton, Linda C. Hertz, Asst. U.S. Attys., Miami, Fla., for defendant-appellee.

Before TJOFLAT, KRAVITCH and EDMONDSON, Circuit Judges.

PER CURIAM:

Appellant Joe Hunter, a black male, initiated an administrative action against the Air Force on May 3, 1983, alleging racial discrimination in employment practices between June 1981 and October 1982. The Air Force denied Hunter's claim on the ground that Hunter had failed to bring his complaint within thirty days of the alleged occurrence of the discrimination, as required by 29 C.F.R. § 1613.214(a)(1)(i). Hunter appealed to the Equal Employment Opportunity Commission (EEOC), which denied his claim and issued a right to sue letter.

Hunter then filed a *pro se* complaint in federal district court alleging employment discrimination and seeking relief under Title VII of the Civil Rights Act of 1964. Hunter also wrote to the district court to request appointment of counsel. In his letter, however, Hunter neither mentioned indigency nor gave other reasons to justify appointment of counsel. The district court denied his request but suggested that he contact Legal Services of Greater Miami. Legal Services declined to represent Hunter, and Hunter again requested the district court to appoint counsel. The district court denied this second request.

The government filed both a motion to dismiss and a motion for summary judgment. The district court issued an order granting the motion to dismiss and alternatively granting the motion for summary judgment. The district court concluded that Hunter had not exhausted his administrative remedies as required for filing an action under Title VII; the district court also concluded that Hunter had failed to prove a prima facie case of discrimination. Hunter now appeals the district court's refusal to appoint counsel, contending that he

is unable to prosecute his case competently without the assistance of counsel.[1]

■ Initially we consider a jurisdictional issue raised by the government. As the government notes, this circuit allows Title VII plaintiffs to appeal immediately the denial of appointment of counsel under the doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). *See Caston v. Sears Roebuck & Co.*, 556 F.2d 1305 (5th Cir.1977).[2] The government argues that Hunter should have immediately appealed the district court's decision to deny appointment of counsel, and that he now has lost the opportunity to do so because Fed.R.App.P. 4(a)(1) required him to file a notice of appeal within sixty days of the entry of the district court's order.[3]

We disagree. In reaching our conclusion we are guided by numerous cases decided by our predecessor circuit and other circuits holding that the mandatory time periods for filing a notice of appeal established by Fed.R.App.P. 4 do not apply to interlocutory orders immediately appealable as of right under 28 U.S.C. § 1292(a) or to many orders most properly viewed as interlocutory yet immediately appealable under the *Cohen* doctrine. In *Gloria Steamship Co. v. Smith*, 376 F.2d 46 (5th Cir.1967), an admiralty case, the former Fifth Circuit held that although the appellant could have immediately appealed the district court's denial of its petition for impleader on the ground of laches, it was not required to do so;[4] the notice of appeal from the final decree of the district court invoked the jurisdiction of the court of appeals to examine the interlocutory order. *Id.* at 47; accord *Caradelis v. Refineria Panama, S.A.*, 384 F.2d 589, 591 (5th Cir.1967). The Ninth Circuit adopted this reasoning and extended it to district court orders granting injunctions; these were held immediately appealable under 28 U.S.C. § 1292(a)(1) but also appealable after final judgment. *Adamian v. Jacobsen*, 523 F.2d 929, 931 (9th Cir.1975).

Finally, in *In re Chicken Antitrust Litigation*, 669 F.2d 228 (5th Cir. Unit B 1982), we held that parties objecting to a settlement agreement approved by the district court did not have to appeal the district court's order approving the agreement immediately.[5] We rejected the appellees' contention that all orders that may be immediately appealed under the *Cohen* rule must be immediately appealed. "Stripped to its essentials, this argument would require parties to take all interlocutory appeals or face the possibility of losing their right to appeal questions that are arguably related to the collateral order. Making interlocutory appeals mandatory in this manner would turn the policy against piecemeal appeals on its head." 669 F.2d at 236. *Accord Schwarz v. Folloder*, 767 F.2d 125, 128 & n. 4 (5th Cir.1985).

We adhere to the reasoning of the *Chicken Antitrust* case. We can foresee dire consequences to adopting the government's position: parties would appeal immediately every order by a district court that even remotely could be conceived as falling within the *Cohen* class of cases, lest they lose

---

1. Hunter has not appealed from the district court's decision on the merits.

2. The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

3. Fed.R.App.P. 4(a)(1) provides:
   In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry.

4. Under 28 U.S.C. § 1292(a)(3), the courts of appeals have jurisdiction over appeals from interlocutory decrees of the district courts determining the rights and liabilities of parties to admiralty cases. The notice of appeal from an interlocutory decree in an admiralty proceeding must be filed within fifteen days of the entry of the order. 28 U.S.C. § 2107.

5. In *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir.1982), this court adopted as precedent the decisions of Unit B of the former Fifth Circuit issued after September 30, 1981.

their right to appeal the interlocutory order after final judgment. We doubt that this was the result intended by the Supreme Court when it approved the *Cohen* rule.

A different conclusion is not compelled by our recent decision in *Shores v. Sklar*, 844 F.2d 1485 (11th Cir.1988), which held that the denial of a motion for permissive intervention under Fed.R.Civ.P. 24(b) must be immediately appealed. As we explained in that case, one who is denied permission to intervene in an action will not be in a position to take an appeal from the final judgment. *Cf. Brotherhood of Railroad Trainmen v. Baltimore & Ohio Railroad Co.*, 331 U.S. 519, 524, 67 S.Ct. 1387, 1389, 91 L.Ed. 1646 (1947). There is accordingly no reason to encourage the would-be intervenor to wait until final judgment to seek review in the court of appeals; to obtain recognition of his right to intervene, he must appeal before final judgment is entered. The same is not true in cases such as this one, where the losing party can seek review of all the interlocutory orders decided adversely to it after final judgment.

Accordingly, we conclude that Hunter did not lose his right to appeal the denial of appointment of counsel by waiting until final judgment; thus this court has jurisdiction.

 Having determined the jurisdictional issue, we proceed to the merits of the district court's decision to deny appointment of counsel. A Title VII plaintiff has no automatic right to appointed counsel. However, 42 U.S.C. § 2000e–5(f)(1) authorizes appointment of counsel "in such circumstances as the court may deem just." The decision to appoint counsel is within the discretion of the district court, *see Caston*, 556 F.2d at 1309, and we will not reverse absent abuse of that discretion. The district court may consider, *inter alia*, the merits of the complainant's claims of discrimination and the efforts taken by the complainant to obtain counsel. *Id.* The district court also may consider the ability

of the complainant to understand the relevant substantive and procedural issues. *Carroll v. Metro-Dade County Memorial Hospital*, 805 F.2d 1041 (11th Cir.1986) (unpublished opinion).

Although here the district court did not make explicit the reasons for denying appointment of counsel, it is clear that it did not abuse its discretion.[6] The district court was entitled to give consideration, albeit not preclusive effect, to the EEOC's view of the merits of the claim. *See Caston*, 556 F.2d at 1309. The EEOC concluded that Hunter's claims were not brought to the attention of the Air Force in timely fashion. Moreover, the Director of Litigation of Legal Services of Greater Miami informed the district court that, after reviewing the record and interviewing Hunter, Legal Services would not represent him. Based on this information the district court was entitled to deny Hunter's motion for appointed counsel.

AFFIRMED.

---

**6.** Although we do not believe that the district court abused its discretion in failing to give reasons for the denial of Hunter's motion, we do note that our review of district court orders is made considerably easier when a district court gives reasons, however brief, for its actions. Undoubtedly the parties as well are aided by such explanations.