Johnny REYNOLDS, et al., Plaintiffs,

v.

Gary Mack ROBERTS, et al., Defendants.

Civ. A. No. 85–T–665–N.

United States District Court,
M.D. Alabama, N.D.

Feb. 9, 1994.

Julian McPhillips, McPhillips, DeBardelaben & Hawthorne, Montgomery, AL, for plaintiffs.

James Evans, Atty. Gen., Montgomery, AL, for defendants Ballard and State Personnel Dept.

William F. Gardner, Cabaniss, Johnston, Gardner, Dumas and O'Neal, Birmingham, AL, for defendants AL Dept. of Transp. and Governor Folsom and Gary Mack Roberts.

Florence Belser, pro se plaintiff.

Richard Ebbinghouse, Jon C. Goldfarb, Robert L. Wiggins, Gregory O. Wiggins, Gordon, Silberman, Wiggins and Childs, Birmingham, AL, for plaintiffs-intervenors Parker and Reed.

Claudia Pearson, Birmingham, AL, for plaintiff-intervenor Johnson.

Robert M. Weinberg, Office of Atty. Gen., Montgomery, AL, for defendant AL Dept. of Transp.

Jerry H. Pogue, pro se plaintiff.

Raymond P. Fitzpatrick, Jr., Johnston, Barton, Procter, Swedlaw and Naff, Birmingham, AL, for plaintiff-intervenors non-class employees.

## ORDER

MYRON H. THOMPSON, Chief Judge.

In this lawsuit, plaintiffs, a class of African–American merit system employees and unsuccessful applicants, charge defendants, the Alabama Department of Transportation (formerly known as the Alabama Highway Department), the Alabama State Personnel Department, and several state officials, with

race discrimination. Plaintiffs rest their lawsuit on Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C.A. §§ 1981a, 2000e through 2000e–17; the fourteenth amendment to the United States Constitution, as enforced by 42 U.S.C.A. § 1983; and 42 U.S.C.A. § 1981. In 1988, the parties reached a full settlement of this case but the court refused to approve the proposed consent decree in the face of numerous objections from the members of the plaintiff class. *Reynolds v. King*, 790 F.Supp. 1101 (M.D.Ala.1990). In 1993, after a partial trial which lasted several months, the parties reached a second, albeit only partial, settlement, subsequently embodied in a new proposed consent decree, the approval of which is currently under the court's consideration. The new proposed decree provides for only systemic class relief; trial will proceed on the claims of individual class members that are not later resolved.

This case is now before the court on four motions relating to the proposed consent decree: a motion for appointment of counsel filed by the Transportation Department and three motions—to intervene, for confirmation of counsel, and for order requiring payment of fees and expenses—filed by several "non-class-member employees," that is, persons who are employees of the Transportation Department but who are not members of the plaintiff class of African–Americans.[1] For the reasons set forth below, the motions for appointment and confirmation of counsel and payment of fees and expenses will be denied, and the motion to intervene will be granted.

### I. MOTIONS FOR COUNSEL

#### A. *Appointment and Confirmation*

Upon receiving notice of the proposed consent decree in December 1993, certain non-class-member employees of the Transportation Department sought legal counsel to represent their objections to the decree; they contacted and retained attorneys David P. Whiteside, Jr., and Raymond P. Fitz-

patrick, Jr. Meetings were then held on January 6 and 10, 1994, with large numbers of non-class-member employees present; it was agreed that Whiteside and Fitzpatrick should represent their interests and a steering committee was elected. The Transportation Department then agreed voluntarily to pay counsel fees and expenses for those persons who are not members of the plaintiff class, and later moved the court for an order appointing Whiteside and Fitzpatrick as counsel for all non-class members. Whiteside and Fitzpatrick supported this motion, with the exception that they would represent only those persons who are employees of the Department and who are not members of the plaintiff class; in other words, they would not represent non-class members who are not employees of the Department. Whiteside and Fitzpatrick also filed their own motion for "confirmation" of group representation. The plaintiffs oppose the appointment and confirmation of counsel.

The court is not entirely certain on what basis the Transportation Department and the non-class-member employees seek to have counsel appointed or confirmed. There appears to be no invocation of the *in forma pauperis* procedures available to seek appointment of counsel. *See, e.g.,* 28 U.S.C.A. § 1915(d) (general allowance for appointment of counsel by court for indigent litigants). The Department and the non-class-member employees argue essentially that appointment is necessary because "the right to notice and the opportunity to be heard provided by Section 108 of the 1991 Civil Rights Act could be jeopardized if non-class members are not extended the right to be heard through counsel."[2] The court finds this argument unpersuasive.

Section 108 of the Civil Rights Act of 1991, 42 U.S.C.A. § 2000e–2(n), provides that a consent decree resolving a claim of employment discrimination will be binding against all persons, including non-class members adversely affected, who had notice and a rea-

---

1. These non-class-member employees predominantly consist of white employees of the Department.

2. Transportation Department's Motion for Appointment of Counsel, at 2–3.

sonable opportunity to present objections.[3] This section in no way indicates that the opportunity to present objections is reasonable only when the objectors are represented by court-appointed counsel. The conclusory assertion by the Transportation Department and the non-class-member employees, without citation of any supporting legal authority, is of no help to the court in determining why appointment or confirmation of counsel is necessary to comply with section 108 as contemplated by the drafters of the Civil Rights Act of 1991.

Title VII does contain a provision for appointment of counsel "Upon application by the complainant and in such circumstances as the court may deem just...." 42 U.S.C.A. § 2000e–5(f)(1). Although the Transportation Department and the non-class-member employees have not invoked this provision, the court has considered it and declines to exercise its discretion to appoint counsel under these circumstances. Assuming that the non-class-member employees could be characterized as "complainants," the Eleventh Circuit Court of Appeals has held that there is "no automatic right to appointed counsel" under § 2000e–5(f)(1). *Hunter v. Department of the Air Force Agency*, 846 F.2d 1314, 1317 (11th Cir.1988) (per curiam). Rather, this decision is within the discretion of the district court. *Id.* In determining whether to appoint counsel under this provision, a trial court is to consider "the merits of the plaintiff's claim, the plaintiff's efforts to obtain counsel, and the plaintiff's financial inability to retain counsel." *Luna v. Intern. Ass'n of Machinists and Aerospace Workers Local # 36*, 614 F.2d 529, 531 (5th Cir.1980).[4] Assuming that the non-class-member employees' action has merit, the court's consideration of the second and third factors leads to the conclusion that counsel should not be appointed. The non-class-member employees have sought and successfully retained counsel and the Transportation Department has agreed to pay counsel's fees. Counsel for the non-class-member employees have since filed: a notice of appearance, the motions currently before the court, and a statement of objections on behalf of their clients; they have also represented the interests of the non-class-member employees at a fairness hearing held on January 19, 1994, and they continue to represent those interests in post-hearing negotiations. The court finds no reason to conclude that its order, sanction, appointment, or confirmation of counsel's representation of their clients is warranted; the motions for appointment and confirmation will therefore be denied.[5]

**B.** *Fees and Expenses*

█ The non-class-member employees also move the court to direct the Transportation Department to pay their reasonable fees and expenses. In support of their motion, they state, first, that the Department has consented to the payment of their fees and expenses and, second, that the law justifies such an order because the non-class-member

---

**3.** 42 U.S.C.A. § 2000e–2(n)(1) provides, in relevant part:

"(A) Notwithstanding any other provision of law, and except as provided in paragraph (2), an employment practice that implements and is within the scope of a litigated or consent judgment or order that resolves a claim of employment discrimination under the Constitution or Federal civil rights laws may not be challenged under the circumstances described in subparagraph (B).

(B) A practice described in subparagraph (A) may not be challenged in a claim under the Constitution or Federal civil rights laws—

(i) by a person who, prior to the entry of the judgment or order described in subparagraph (A), had—

(I) actual notice of the proposed judgment or order sufficient to apprise such person that such judgment or order might adversely affect the interests and legal rights of such person

and that an opportunity was available to present objections to such judgment or order by a future date certain; and

(II) a reasonable opportunity to present objections to such judgment or order;...."

**4.** In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**5.** Admittedly in the case of *United States v. City of Montgomery*, C.A. No. 3739–N (M.D.Ala. Feb. 3, 1988) (Thompson, J.), in which a police department was found liable for discrimination against its African–American and female employees, this court appointed counsel to represent the interests of white male police officers. In that case, however, all parties agreed to the appointment.

employees should be "treated as civil·rights plaintiffs." The first argument is easily rejected. The fact that the Transportation Department has consented to pay for counsel's fees and expenses is not a legal basis for the court to order such payment.

The second argument raised by counsel for the non-class employees convinces the court that their motion is, at best, premature. Parties to a Title VII action—the status sought by non-class-member employees in their motion to intervene—may be allowed attorneys' fees upon a·showing that they have "prevailed" as complainants. 42 U.S.C.A. § 2000e–5(k).[6] In *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Supreme Court explained that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Id.* at 433, 103 S.Ct. at 1939 (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978)). Because counsel has only begun to represent the non-class-member employees, it is too soon to determine whether counsel will prevail on any significant issue.

The non-class-member employees rely on *Afro–American Patrolmen's League v. Atlanta*, 817 F.2d 719 (11th Cir.1987), to support their argument that they are entitled to an order of payment. This case, however, supports rather than contradicts the court's conclusion that fees and expenses are not due to be awarded unless the non-class-member employees prevail. In that case, where non-minority plaintiff-intervenors alleged reverse discrimination, the court held that, "By prevailing on the contempt motion and achieving a consent agreement resolving the issue of promotions, the [plaintiff-intervenors] prevailed to the extent necessary for an award of attorneys' fees pursuant to Title VII." *Id.* at 725. Because the non-class-member employees have yet to prevail on any issues before the court in its consideration of the proposed consent decree, the court will not order the Transportation Department to pay their fees and expenses at this time.

The plaintiffs, in opposing the motion for payment of fees and expenses for non-class-member employees' counsel, argue that the court should enjoin even the voluntary payment of attorneys' fees and expenses by the Transportation Department because such payment would violate Title VII and the equal protection clause of the fourteenth amendment. They argue that counsel must be provided, if at all, on a non-discriminatory basis. Admittedly, although the Transportation Department has voluntarily agreed, in Article 21 of the proposed consent decree, to pay plaintiffs' attorneys' fees, the Department agreed only after plaintiffs, who are African–Americans, had suffered years of litigation, including several months of actual trial, and only if plaintiffs should prevail by securing the court's approval of the proposed consent decree; in contrast, the Department agreed almost immediately, even without the non-class-members having actually prevailed on any issue, to pay attorneys' fees and expenses for this predominantly white group. In addition, when the first proposed consent decree was before the court, the Transportation Department never offered to obtain, and bear the cost of, counsel for the hundreds of African–American class members who objected to that decree. This scenario does raise troubling questions about whether the Transportation Department's approach to these two proposed consent decrees has been based on a double standard that turns on the race of those who are complaining. Nevertheless, the court cannot say that these circumstances warrant an injunction prohibiting the Department from voluntarily paying the fees and expenses of counsel for the non-class-member employees. The record—which consists mainly of arguments in briefs—is insufficient to support any factual finding of discrimination. Moreover, the court believes that the wiser course is not to prohibit the Transportation Department from paying the fees and expenses of the non-class-member employees but rather to

---

**6.** 42 U.S.C.A. § 2000e–5(k) provides, in relevant part:

"In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs...."

assure that the Department treats the plaintiffs similarly in the future. The court will therefore wait and see whether the Transportation Department will be similarly concerned and generous when it comes to the fees and expenses of counsel for plaintiffs with regard to such issues as the trial of this case should the court not approve the new proposed consent decree, the issues that will not be settled by the decree even if approved—the decree is only a partial settlement—and the many other issues that will surely arise in this litigation in the future.

## II. MOTION TO INTERVENE

■ The non-class-member employees seek to intervene as plaintiffs in this lawsuit. The court must first reject two of the arguments raised in support of this motion. Relying on *Martin v. Wilks*, 490 U.S. 755, 109 S.Ct. 2180, 104 L.Ed.2d 835 (1989), the non-class-member employees first argue that, if they are not permitted to intervene, they will not be bound by the decree. Section 108 of the Civil Rights Act of 1991 plainly states, however, that non-parties may not challenge a consent decree if they have had notice and an opportunity to object. 42 U.S.C.A. § 2000e–2(n)(1). Second, they imply that § 108 eases the requirements for intervention by providing "a process for joinder." Section 108, however, explicitly provides that the notice and opportunity to object provisions are to have no effect on intervention: "Nothing in this subsection shall be construed to—(A) alter the standards for intervention under rule 24 of the Federal Rules of Civil Procedure...." 42 U.S.C.A. § 2000e–2(n)(2). Section 108, then, provides a process for only notice and an opportunity to be heard. In considering this motion to intervene, therefore, the court must look to Rule 24 of the Federal Rules of Civil Procedure.

■ Rule 24(b) sets forth the standard for permissive intervention:

"Upon timely application anyone may be permitted to intervene in an action ... (2)

when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

The non-class-member employees' challenge to the proposed consent decree negotiated among the original parties involves, by its nature, questions of both law and fact in common with the original action. The non-class-member employees oppose the proposed decree primarily on the grounds that the race-conscious provisions of the decree are not within the permissible parameters for such relief. In considering whether to approve the proposed consent decree, the court must evaluate the facts to determine whether the Transportation Department discriminated against African–American employees and applicants in the past and to what extent—the same set of facts the non-class employees would be relying on to show that the race-conscious relief is not permissible. Furthermore, the court must, on the basis of this factual predicate, determine whether the relief embodied in the decree is indeed permissible under the legal standards for affirmative action—the same question of law raised by the non-class-member employees.

The court also concludes that the remaining requirements of Rule 24(b) are satisfied. The motion to intervene is timely because the decree has only been under consideration since November 18, 1993, and the motion to intervene was filed almost immediately after all non-class-member employees received notice of the settlement, and in advance of the fairness hearing.[7] Furthermore, the granting of the motion to intervene would not prejudice the rights of the original parties. In fact, by addressing the concerns of the non-class-member employees at this time, the parties may benefit in the long-run from a decree that is less likely to be challenged at a later stage. Indeed, counsel for both the plaintiffs and defendants have already begun

---

7. In similar circumstances, the Eleventh Circuit Court of Appeals found a motion to intervene to be timely, and rejected a district court's finding that the non-class members should have intervened at an earlier stage of the suit. *Howard v.*

*McLucas*, 782 F.2d 956, 959–60 (11th Cir.1986). The court refused to impute knowledge of the race-conscious remedies to the intervenors prior to the announcement of the proposed consent decree. *Id.*

negotiating and cooperating with counsel for the non-class-member employees. Finally, the court, in its order of January 24, 1994, set forth a series of deadlines to expedite consideration of the non-class-member employees' objections to the decree, such that intervention would not unduly delay the court's consideration of the proposed decree. Because the non-class-member employees have satisfied the requirements of Rule 24(b), the motion to intervene will be granted.

In their opposition to the motion to intervene, plaintiffs seek to limit the scope of the intervention to the race-conscious provisions of the proposed consent decree. The court agrees. In *Howard v. McLucas*, 782 F.2d 956 (11th Cir.1986), a group of non-class-member intervenors challenged "the legality of the race-conscious promotional remedy" in a proposed consent decree. *Id.* at 960. The Eleventh Circuit Court of Appeals limited the intervenors' challenge to the race-conscious provisions of the proposed decree. In this case, the court will limit the non-class employees' challenge to the proposed consent decree to the provisions of the decree which affect them because of their race; they will not be permitted to contest, as intervenors, those provisions which are race-neutral and affect all employees equally.[8]

The *McLucas* court also did not permit the intervenors to challenge "the existence of past discrimination," *McLucas*, 782 F.2d at 960, and the plaintiffs urge this court to limit the non-class-employee intervenors in the same manner. Given the vast amount of evidence of the Transportation Department's past employment practices already presented in this case, the court agrees with plaintiffs to the extent that it will not permit the intervenors to present additional factual evidence. The intervenors will be permitted to review the evidence presented in this case and rest their legal arguments on this evidence. On the basis of the evidence, they will be permitted to argue that the factual predicate is not sufficient as a matter of law to warrant the type or extent of race-conscious relief contained in the proposed decree.[9]

Accordingly, it is ORDERED:

(1) That the motion for appointment of counsel for non-class employees, filed on January 10, 1994, by defendant Alabama Highway Department, now known as the Department of Transportation, is denied;

(2) That the motions for confirmation of group representation and for an order requiring defendant Alabama Highway Department to pay the reasonable fees and expenses of counsel for the non-class-member employees, filed on January 13, 1994, by non-class-member employees William Adams, et al., are denied; and

(3) That the motion to intervene as plaintiffs, filed on January 13, 1994, by non-class-member employees William Adams, et al., is granted to the extent that these non-class employees are permitted to intervene and challenge the race-conscious provisions of the proposed consent decree.

---

8. In its order of January 24, 1994, the court granted the non-class-member employees the opportunity to file a statement of their unresolved objections to the race-neutral provisions of the proposed consent decree. The court's holding today on the scope of intervention is not inconsistent with its prior order. The non-class-member employees may only challenge the race-conscious provisions of the proposed decree as intervenors, but they may challenge the race-neutral provisions in their capacity as "objectors" within the meaning of § 108 of the Civil Rights Act of 1991.

9. Plaintiffs also urge the court to "ensure that discovery and other necessary proceedings are accomplished as quickly and efficiently as possible." *McLucas*, 782 F.2d at 961. The court is of the opinion that its order of January 24, 1994, which establishes a process to expedite the court's consideration of the non-class-member employees' challenge, is sufficient to meet plaintiffs' concerns. The court will consider requests in the future should it appear that the intervenors' challenge is causing undue delay.