Michael L. BUESGENS,
Plaintiff–Appellant,

v.

John W. SNOW, Secretary, Department of Treasury, Defendant–Appellee.

No. 05–50730.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided March 6, 2006.

R. Barry Robinson, Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, Austin, TX, for Defendant–Appellee.

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM: *

Michael L. Buesgens, a former employee of the Internal Revenue Service, moved to proceed with his Title VII suit in forma pauperis and requested the appointment of

---

12. *Id.*

* Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

counsel. The district court denied the motion and the request. On appeal, Buesgens argues that the district court abused its discretion in denying his request for counsel. This court has jurisdiction over Buesgens's appeal pursuant to 28 U.S.C. § 1291. *Robbins v. Maggio,* 750 F.2d 405, 409 (5th Cir.1985) (holding that the denial of appointment of counsel under Title VII is immediately appealable). For the reasons which follow, we find that the district court did not abuse its discretion.

When analyzing the merits of a Title VII plaintiff's request for appointment of counsel, the court considers: "(1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel." *Gonzalez v. Carlin,* 907 F.2d 573, 580 (5th Cir.1990) (citing *Caston v. Sears, Roebuck, & Co.,* 556 F.2d 1305, 1309 (5th Cir.1977)). No one factor is conclusive. *Id.* Also, while appointment of counsel is permitted, it is not "automatic." *Id.* at 579. The decision whether or not to appoint counsel "rests within the sound discretion of the trial court," *id.,* and accordingly, this court reviews the denial of a request for appointment of counsel for abuse of discretion. *See Neal v. IAM Local Lodge 2386,* 722 F.2d 247, 250 (5th Cir.1984).

Regarding the merits, Buesgens has alleged discrimination due to mental disability—bipolar disorder—as well as retaliation for prior EEOC activity. The district court noted that Buesgens's pleadings contained little information to indicate the likelihood of the suit's success and also found that, because the EEOC concluded that "a preponderance of the evidence does not establish that discrimination occurred," the first factor did not weigh in Buesgens's favor. This court has stated that the determination of the EEOC, while not dispositive, is "highly probative" of the merits of a plaintiff's case. *Gonzalez,* 907 F.2d at 580 (quoting *Caston,* 556 F.2d at 1309). As a result, the district court did not abuse its discretion in relying on the assessment of the EEOC and weighing this first factor against Buesgens.

With respect to the plaintiff's attempts to obtain counsel, the district court took note of Buesgens's efforts to locate a local attorney but also concluded that he could have increased his efforts to find one willing to work on a contingency fee basis. On appeal, Buesgens claims that he has contacted fifteen or twenty attorneys, none of whom were willing to work for a contingency fee. When a plaintiff has made repeated attempts to secure counsel, this factor will often weigh in a plaintiff's favor.[1] *See Caston,* 556 F.2d at 1309 ("[W]e do not suggest that a plaintiff should be required to exhaust the legal directory before a court could appoint him an attorney.").

The district court did not find that the third factor, the plaintiff's ability to afford counsel, weighed in Buesgens's favor, referencing the denial of his in forma pauperis status. Before the initiation of this suit, Buesgens had been earning $3,200 per month at the IRS; after his disability leave, he was receiving $2,000 per month. Additionally, he had $80,000 in an IRA account, $40,000 in his 401(k) account, $16,000 in stocks, and $22,000 in an unpaid margin debt account. On appeal, Buesgens points out that he is without work and his disability income will soon be reduced to $1,300 per month. Due to this change of circumstance, the third factor

---

1. Some courts have taken an opposite approach and noted that the continued refusal by attorneys to take a plaintiffs case is likely evidence that the case lacks merit. *See Poindexter v. F.B.I.,* 737 F.2d 1173, 1181, 1181 n. 12 (D.C.Cir.1984) (discussing the view that the private bar plays a role in filtering out meritless claims).

weighs in Buesgens's favor because it would probably be difficult for him to afford the services of an attorney, even though admittedly he has funds in reserve.

The three factors referenced are "simply ingredients in the total mix of relevant information which should guide the discretion of the district court." *Caston,* 556 F.2d at 1310. The district court also considered Buesgens's ability to present his own case. Noting that Buesgens possessed a MBA degree, the judge found his writing skills were clearly adequate, his pleadings demonstrated familiarity with Title VII law, and his pro se representation had not compromised his ability to bring this suit. This court has not specifically enumerated this consideration as one of the factors to be considered in Title VII appointment cases; typically, it is a consideration for § 1983 appointment of counsel cases. *See Ulmer v. Chancellor,* 691 F.2d 209, 213 (5th Cir.1982). Other circuits, however, do consider the plaintiff's ability to present his case in Title VII suits. *See, e.g., Ferrelli v. River Manor Health Care Ctr.,* 323 F.3d 196, 203 (2d Cir.2003); *Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1421 (10th Cir.1992); *Hunter v. Dep't of Air Force Agency,* 846 F.2d 1314, 1317 (11th Cir.1988).

On balance, we find that the district court did not abuse its discretion in denying Buesgens's request for appointment of counsel. Though he may be unable to afford the services of an attorney, and has been unsuccessful in his efforts to locate one, the merits of his case are weak. The court considers the merits of a plaintiff's case in part because of the unfairness of requiring an attorney to donate his or her time when there is little chance of success. *See Tatum v. Cmty. Bank,* 866 F.Supp. 988, 999 (E.D.Tex.1994). As stated, the EEOC found that there was not a preponderance of evidence demonstrating discrimination, a decision which this court deems probative. The order of the district court is AFFIRMED.