United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 7, 2006**

Charles R. Fulbruge III
Clerk

In the

United States Court of Appeals

for the Fifth Circuit

---

№ 05-41274

---

OLGA OVIEDO,

Plaintiff-Appellant,

VERSUS

LOWE'S HOME IMPROVEMENT, INC.,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Eastern District of Texas
№ 4:04-CV-224

---

Before SMITH, CLEMENT, and PRADO,
Circuit Judges.

PER CURIAM:[*]

Olga Oviedo appeals the dismissal of her suit against her former employer, Lowe's Home Improvement ("Lowe's"), and the dis-

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trict court's refusal to appoint counsel for her. We affirm.

I.

Oviedo, proceeding *pro se,* alleged national origin discrimination under title VII of the Civil Rights Act of 1964 and a variety of other claims. From the start of the litigation, she made repeated requests that the district court appoint counsel, which the court denied. The court set a deadline of May 31, 2005, for completing discovery.

Lowe's served its first discovery request on January 25, 2005. A response was due February 28, 2005, but Oviedo never responded. Lowe's made numerous attempts to get a response and informed Oviedo of the serious nature of her failure to respond and of the potential consequences. Oviedo also refused to provide dates on which she could be deposed.

On May 9, 2005, Lowe's moved for dismissal for failure to prosecute. Observing that Oviedo had never responded to the motion to dismiss or exhibited any intention of participating in discovery, the court dismissed with prejudice on July 12, 2005.

## II.

We review for abuse of discretion the refusal to appoint counsel for a title VII plaintiff. *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986). The district court should consider "(1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel." *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990) (citing *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977)). No one factor is conclusive. *Id*.

The district court concluded that Oviedo had made adequate efforts to obtain counsel and could not afford counsel but that the merits of her claim were suspect. The court noted the likelihood that Oviedo's claim is procedurally barred because she failed to file a claim within 300 days of the last instance of discrimination. We agree with the court's assessment of the *Caston* factors as expressed in its order dated September 27, 2004.

The district court incorrectly attributed a fourth factor to the *Caston* holding: whether the plaintiff has the capacity adequately to present her case without counsel. The *Caston* court did not consider this factor, and we have never explicitly included it as a formal element in our analysis.[1] The three *Caston* factors, however, are not the only relevant inquiries. They are "simply ingredients in the total mix of relevant information which should guide the discretion of the district court." *Caston*, 556 F.2d at 1310.

Although the district court cited *Caston* incorrectly, it did not err when it considered Oviedo's obvious ability to represent herself as a factor weighing against the appointment of counsel. See *Buesgens v. Snow*, 2006 WL 535733, at *2 (5th Cir. Mar. 6, 2006). Oviedo's ability to represent herself, coupled with the weakness of her case, provided sufficient grounds for the decision. The district court acted well within its discretion when it denied counsel.

## III.

We review the dismissal for abuse of discretion. *Hulsey v. Texas*, 929 F.2d 168, 170 (5th Cir. 1991). Dismissal with prejudice is "appropriate only if the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct." *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990).

---

[1] The plaintiff's ability to represent herself is a consideration for 42 U.S.C. § 1983 appointment of counsel cases in this circuit. See *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). Other circuits consider the plaintiff's ability to present his case in title VII suits. *See, e.g., Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir.1992); *Hunter v. Dep't of Air Force Agency*, 846 F.2d 1314, 1317 (11th Cir. 1988).

The uncontroverted facts described in the magistrate judge's report and recommendation dated June 14, 2005, constitute a sufficient basis for dismissal, and Oviedo's arguments on appeal cast no doubt on the propriety of the district court's disposition of this case. Despite being given many opportunities to respond, Oviedo was entirely uncooperative with the discovery process for a period of about five months. At the time the court dismissed the case, more than a month after discovery was supposed to have closed, Oviedo had still made no effort to proceed other than to reassert her motion for appointed counsel.

Unfortunately for Oviedo, the acuity with which she had theretofore prosecuted her case made it all the more obvious to the district court that her refusal to participate in discovery was a knowing and willful delay. For a time, she pursued her case with, as the district court put it, more skill than many lawyers. Then, inexplicably, she disappeared. Although *pro se* plaintiffs are entitled to some leniency, "the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)). In light of Oviedo's failure to prosecute her case over an extended period of time despite having the obvious capacity to do so, the dismissal was not an abuse of discretion.

AFFIRMED.