# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 6, 2022

Lyle W. Cayce
Clerk

No. 20-10417
Summary Calendar

Andre W. Williams, Sr.,

*Plaintiff—Appellant*,

*versus*

City of Richardson; Daryl Fourte; Travis Switzer,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-2944

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Andre Williams, who worked as a heavy equipment operator for the City of Richardson, sued the city and its several of its employees for race, age, and disability discrimination. The district court granted summary judgment in favor of defendants. Williams, who is representing himself, appeals the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10417

district court's grant of summary judgment for claims related to his not receiving a promotion. We affirm.

Williams alleges that the city and two of its employees who interviewed him—Daryl Fourte and Travis Switzer[1]—discriminated against him based on his race, age, and disability in declining to promote him to the position of Solid Waste Supervisor. His claims against the city are under Title VII, the Americans with Disabilities Act (ADA), and the Age Discrimination in Employment Act (ADEA); his claims against Fourte and Switzer are under 42 U.S.C. § 1981.[2]

We review a grant of summary judgment *de novo*, drawing all reasonable inferences in favor of the nonmoving party. *Goudeau v. Nat'l Oilwell Varco*, 793 F.3d 470, 474 (5th Cir. 2015). "Summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 438 (5th Cir. 2012).

In employment discrimination cases involving circumstantial evidence, we use the burden-shifting framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) (establishing the framework in a

---

[1] Williams sued five other city employees. The district court entered a separate final judgment dismissing those employees, which Williams did not appeal.

[2] Besides his allegation that the city discriminated in passing him over for the Solid Waste Supervisor job, Williams also alleged at the district court that the city discriminated by passing him over for a different position. But Williams did not exhaust this claim at the EEOC. Additionally, on appeal, Williams argues that his termination was discriminatory. This claim was not exhausted either; indeed, Williams received his EEOC right-to-sue letter well before his termination. Moreover, Williams does not seem to have alleged in his complaint that his termination was discriminatory, nor does the district court appear to have ruled on this allegation. Consequently, we do not address these claims. *See, e.g.*, *Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir. 2006) (affirming a dismissal of claims not raised in EEOC charge).

Title VII case). *See also Morris v. Town of Independence*, 827 F.3d 396, 400 (5th Cir. 2016) (applying the framework in a section 1981 case); *Goudeau*, 793 F.3d at 474 (applying the framework in an ADEA case); *EEOC v. LHC Grp. Inc.*, 773 F.3d 688, 694 (5th Cir. 2014) (applying the framework in an ADA case). First, the plaintiff must make a prima facie showing of discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000). That shifts the burden to the employer to articulate a legitimate and nondiscriminatory reason for the adverse employment action. *Id.* If the employer satisfies its burden, the plaintiff then must be afforded the "opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id.* (quoting *Tex. Dep't of Comm. Affs. v. Burdine*, 450 U.S. 248, 256 (1981)).

Although the district court based its summary judgment on Williams's failure to establish a prima facie case, we can affirm on any ground supported by the record. *Campos v. Steves & Sons, Inc.*, 10 F.4th 515, 520 (5th Cir. 2021). We will assume that Williams established a prima facie case on all his claims. We nonetheless affirm because defendants offered several nondiscriminatory reasons for not promoting Williams, and Williams has not produced evidence to cast doubt on the legitimacy of those reasons. Defendants provided evidence that Williams was denied a promotion because (1) he had worked in his current position fewer than 90 days, (2) he had not yet completed the probationary period for that position, (3) his performance in that role was far from exemplary, (4) his argumentativeness and lack of cooperation made him unsuitable for a supervisory position, (5) and his written and oral test scores were not at the level the interviewers wanted.

The two pieces of evidence that Williams cites to rebut defendants' proffered reasons do not show them to be pretextual. He points to the

No. 20-10417

characteristics of the person eventually promoted, who was 17 years younger and did not have a commercial driver's license. But to prove pretext based on the hiring of a less qualified candidate, a plaintiff must show that "no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 459 (5th Cir. 2019) (quoting *Moss v. BMC Software, Inc.*, 610 F.3d 917, 923 (5th Cir. 2010)) (holding no age discrimination when comparator had higher performance rating). Here, hiring the younger candidate was reasonable because he had more administrative and supervisory experience than Williams did. Williams also raises derogatory racist comments allegedly made by a supervisor named Jones. But Jones was not involved in the hiring decision that Williams challenges.

Williams also challenges the district court's decision not to appoint counsel for him. That decision is reviewed for an abuse of discretion. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007). The district court considered the well-developed nature of employment discrimination law and the straightforward nature of Williams's claims. It also recognized that Williams did a decent job filing pleadings, effecting service of process, filing lengthy briefs, and accumulating evidence. More proof of Williams's ability to represent himself is his 51-page appellate brief. *See also Oviedo v. Lowe's Home Improvement, Inc.*, 184 F. App'x 411, 412 (5th Cir. 2006) (upholding the denial of appointed counsel); *Buesgens v. Snow*, 169 F. App'x 869, 871 (5th Cir. 2006) (same). The district court's careful ruling was not an abuse of discretion.

\*\*\*

AFFIRMED.

4