[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10913

Non-Argument Calendar

_____

TAMIKO N. PEELE,
Individually on Behalf of Themselves,
ROBERT L. WALKER,
Individually on Behalf of Themselves,

Plaintiffs-Appellants,

*versus*

17TH JUDICIAL CIRCUIT OF FLORIDA,
BROWARD COUNTY, FLORIDA,
it's Court Registry Depository Funds of Federal Reserve
Notes $180,030.00 U.S. Currency, it's Records Division
Instrument numbers 117519100, 112300593,
115467945, 113178049,
DOES 1-3,

2                  Opinion of the Court                  23-10913

inclusive in their individual andofficial capacity,

UNITED STATES OF AMERICA,

through its Social Security Administration Program,

it's Cooperative Disability Investigations Program (CDI)

and its Social Insurance Administrators Velma T. Blaine,

James Peavy, Antonio Miguel Quinones, Brian Garber,

DOES 1-11,

inclusive and in their official and individual capacity,

THE FLORIDA BAR CLIENTS' SECURITY FUND, et al.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:23-cv-14037-AMC

_____

Before JILL PRYOR, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Tamiko Peele and Robert Walker have filed an interlocutory notice of appeal, opening this appeal, as well as an appeal from the district court's final order dismissing their case, which opened Appeal No. 23-10916. They move to voluntarily dismiss Appeal No. 23-10916 as duplicative or, alternatively, to consolidate their appeals. Because this appeal challenges several interlocutory orders,

23-10913                Opinion of the Court                3

it raises questions concerning the appealability of those orders. *See* 8 U.S.C. §§ 1291, 1292; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000).

An appeal from the final judgment brings up for review all preceding nonfinal orders that produced the judgment. *See Kong v. Allied Pro. Ins. Co.*, 750 F.3d 1295, 1301 (11th Cir. 2014); *Hunter v. Dept. of Air Force Agency*, 846 F.2d 1314, 1316-17 (11th Cir. 1988). We may use our inherent administrative power to dismiss duplicative litigation to avoid wasting judicial resources. *See I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986); *United States v. Arlt*, 567 F.2d 1295, 1297 (5th Cir. 1978); *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007).

While consolidating these appeals would save judicial resources, we would still need to address the jurisdictional issues raised by this appeal. However, Peele and Walker can raise all issues in their later appeal from the final order dismissing their case. *See Hunter*, 846 F.2d at 1316-17. Therefore, in light of the appeal from that final order, and the appellants' request to proceed in a single appeal, this appeal is DISMISSED as duplicative, and any challenge to the orders designated in this appeal may be raised in Appeal No. 23-10916.

All pending motions are DENIED as moot. No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.