**Charles V. YOUNG, Plaintiff,**

v.

**K–MART CORPORATION, Super K–Mart # 3785, Bill Wright, John Lemry, Dave Davis, and Teresa Rockefeller, Defendants.**

**Civil Action No. 4:95mc16.**

United States District Court, E.D. Virginia, Newport News Division.

Jan. 22, 1996.

Charles V. Young, Newport News, VA, pro se.

## MEMORANDUM OPINION

REBECCA BEACH SMITH, District Judge.

This matter is before the Court on Plaintiff's motion, pursuant to 42 U.S.C. § 2000e–5(f)(1), requesting appointment of counsel.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On October 20, 1993, Plaintiff was hired by Super K–Mart as a Stock Replenishment Grocery Supervisor at a wage of ten dollars per hour. Less than a month later, Plaintiff was demoted to the position of Stocker, and his hourly wage decreased. Plaintiff submitted a formal complaint of racial discrimination on November 30, 1993, to the Equal Employment Opportunity Commission ("EEOC"), alleging that his demotion was the result of racial discrimination. The EEOC issued Plaintiff a Right to Sue letter on September 29, 1995.

On January 4, 1996, Plaintiff submitted to the Court a proposed Title VII complaint, a motion to proceed in this action *in forma pauperis,* and a motion for appointment of counsel. In his complaint, Plaintiff alleges that Defendants discriminated against him on the basis of race by demoting him and reducing his hourly wage. The Court denied Plaintiff's motion to proceed *in forma pau-* *peris* on January 2, 1996, having found that Plaintiff possesses sufficient resources to pay the statutory filing fee. The Court now considers Plaintiff's motion for appointment of counsel.

### II. ANALYSIS

Title VII contains a provision which allows a district court, in certain cases, to appoint counsel to represent a person complaining of discrimination: "Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant...." 42 U.S.C. § 2000e–5(f)(1). This provision grants to Title VII litigants the right to request an attorney, but "it does not create a statutory right to have counsel actually appointed." *Poindexter v. Federal Bureau of Investigation,* 737 F.2d 1173, 1179 (D.C.Cir.1984); *see also, e.g., Jenkins v. Chemical Bank,* 721 F.2d 876, 879 (2nd Cir. 1983). The decision of whether to appoint counsel is within the discretion of the trial judge. *Poindexter,* 737 F.2d at 1179; *Ivey v. Board of Regents,* 673 F.2d 266, 269 (9th Cir.1982).

Neither the Supreme Court nor the Fourth Circuit has considered how a district court should exercise its discretion to appoint counsel under section 2000e–5(f)(1). Other circuits, however, have addressed this issue. These courts have agreed on three relevant factors for a district judge to consider: (1) the plaintiff's financial ability to retain an attorney; (2) the efforts of the plaintiff to retain counsel; and (3) the merits of the case. *See, e.g., Miles v. Department of Army,* 881 F.2d 777, 784 n. 6 (9th Cir.1989); *Poindexter,* 737 F.2d at 1185; *Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305, 1308–10 (5th Cir.1977). Some courts have also considered the plaintiff's ability to represent himself. *Hunter v. Department of Air Force Agency,* 846 F.2d 1314, 1317 (11th Cir.1988); *Poindexter,* 737 F.2d at 1185; *see also, generally,* Mack A. Player, *Employment Discrimination Law* § 5.80 (1988) (listing the four factors discussed above). The Court finds these four factors helpful in deciding whether to grant Plaintiff's motion for appointment of counsel.

The first factor is the plaintiff's financial ability to retain counsel. In this case, Plaintiff submitted to the Court detailed financial information. Plaintiff, a student at Hampton University, receives significant federal funds in the form of student loans and grants. These funds pay for tuition, fees, and books associated with Plaintiff's education. They are also to be used to fund Plaintiff's basic living expenses. In addition to these federal funds, Plaintiff has over $300.00 in his checking account. It also appears to the Court that Plaintiff is capable of receiving additional money from a part-time job. Accordingly, the Court finds that Plaintiff has the financial ability to hire an attorney.

The second factor to consider is the amount of effort expended by the plaintiff to retain counsel. Plaintiff states that he requested representation from two attorneys, Oscar Blaton and Jeremiah Denton, III. He did not hire either attorney because he could not afford the $5,000 retainer which each requested. Plaintiff's efforts in this area could hardly be labeled aggressive or strenuous.[1]

The third factor is the merits of the plaintiff's Title VII case. Here, Plaintiff states that he was demoted as a result of racial discrimination on the part of his supervisors. Although these allegations would entitle Plaintiff to relief under the statute, if they are ultimately proven true, Plaintiff has presented no concrete facts which show discriminatory intent. Solely from a reading of Plaintiff's complaint, this lawsuit could not be characterized as frivolous. However, it is not a particularly strong Title VII case. The third factor, therefore, weighs neither in favor of nor against appointment of counsel.

The final factor to consider is the plaintiff's ability to represent himself. In this case, Plaintiff is student at a private university. From his complaint, Plaintiff appears to be well-organized and articulate. The Court also notes that Plaintiff cited all the appropriate statutory sections in his filings. The Court finds that Plaintiff is an educated individual who is capable of presenting his case in a competent fashion.

Weighing these four factors, the Court concludes that Plaintiff is not entitled under the law to appointment of counsel. Plaintiff has sufficient financial resources and abilities to retain counsel. He has put forth only a minimum effort to seek counsel without the assistance of the Court. Plaintiff's Title VII suit may not be frivolous; however, from the complaint, the Court can see no concrete proof of discriminatory intent. Finally, Plaintiff is an articulate, educated person, who is capable of representing himself in this lawsuit.

## CONCLUSION

Having considered and weighed the relevant factors, the Court **DENIES** Plaintiff's Motion for Appointment of Attorney.

The Clerk is DIRECTED to send a copy of this Memorandum Opinion to Plaintiff.

It is so ORDERED.

---

1. There are literally hundreds of attorneys listed in the telephone book. Listings and advertisements under "Lawyers" expand 46 pages in the Peninsula Yellow Pages published by Bell Atlantic. There are ten attorneys listed in the Yellow Pages' "Lawyer's Guide" as practicing law pertaining to employer-employee relations. With so many practicing attorneys available in this area, Plaintiff surely could have contacted more than two before coming to the Court for assistance. Moreover, Plaintiff could have sought counselling through the Legal Aide Center located in Hampton.