James TYSON, Plaintiff,

v.

The PITT COUNTY GOVERNMENT; Pitt County Department of Social Services; Edward Garrison, Director; George Perry, Administrator; Ruth Hines, Supervisor, in their official and individual capacity, Defendants.

No. 4:95–CV–133–H–3.

United States District Court, E.D. North Carolina, Eastern Division.

March 28, 1996.

James Tyson, pro se.

Pamela Weaver Best, Pitt Co. Legal Dept., Greenville, NC, Cheryl A. Marteney, Ward & Smith, P.A., New Bern, NC, for defendants.

### ORDER

MALCOLM J. HOWARD, District Judge.

This matter is before the court on plaintiff's letter to the court which will be treated as a motion to appoint counsel and a motion to stay further action in this matter until the court appoints an attorney. There is also defendants' motion to dismiss which is ripe in this action.[1] The court will render a

---

1. Where there is a motion for appointment of counsel and a motion to dismiss before the court,

decision on this motion to dismiss in a later order.

## STATEMENT OF CASE

This case was filed by the plaintiff on December 21, 1995, alleging discrimination in employment practices under 42 U.S.C. §§ 1981, 1983, and 1985, Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e—2000e–17), and the Age Discrimination in Employment Act (29 U.S.C. §§ 621–34). Plaintiff also claims violations of his constitutional right under the U.S. Constitution and intentional infliction of emotional distress. Plaintiff is attempting to bring this action pursuant to Equal Employment Opportunity Commission ("EEOC") Notice of Right to Sue issued to plaintiff on September 29, 1995.

## STATEMENT OF FACTS

In 1993, plaintiff submitted his application for a position as a Medicaid Income Maintenance Caseworker with the Pitt County Department of Social Services. Because plaintiff was unable to relocate to Pitt County at that time, plaintiff declined to be interviewed.

In March 1994 the Pitt County Department of Social Services advertised a position as AFDC Income Maintenance Caseworker, and plaintiff was interviewed for the position on March 23, 1994. Following the interview, plaintiff was requested to sign an employment reference request form and was told he would be notified when a decision had been made with regard to that position. Plaintiff alleges that he resigned from his job in New York City in preparation for employment with the defendant, Pitt County Social Services Department. Plaintiff subsequently was notified that he was not selected for the position.

In November 1994, the Pitt County Department of Social Services again advertised a position as AFDC Income Maintenance Caseworker, and plaintiff again was interviewed for the position on November 7, 1994. Following the interview, plaintiff, who had relocated to Greenville, North Carolina, again was requested to sign an employment reference request form and was told that he would be notified when a decision had been made with regard to that position. Plaintiff subsequently was notified that he was not selected for the position.

Plaintiff alleges that there was a plot by defendants William Perry and Ruth Hines to hire two young females with less experience than the plaintiff. He contends that the two females were given preferential treatment and he was rejected for employment because of his gender (male) and age (53). Additionally, plaintiff alleges that there is a great disparity between the number of male and female employees.

On or about May 16, 1995, plaintiff filed a charge of discrimination with the EEOC, alleging race, sex, and age discrimination against the Pitt County Department of Social Services, to which the department responded on June 22, 1995. On September 29, 1995, the EEOC dismissed the plaintiff's charge of discrimination and issued its notice of right to sue.

Plaintiff now has brought this action claiming sex and age discrimination.

## COURT'S DISCUSSION

The plaintiff directs the court to Title 42 U.S.C. § 2000e–5(f) as support for his motions. Plaintiff requests the court to appoint counsel to assist him in this action, and desires that the court stay all further action until such time as counsel is appointed. The letter, which the court will treat as a motion, does not give any further grounds for either the appointment of counsel or staying of the action.

■ Title 42 U.S.C. § 2000e–5(f) states that the court may appoint counsel "in such circumstances as the court may deem just." The statute grants the right to request a court appointed attorney, but does not create a statutory right to such counsel. How a district court should exercise its discretion to appoint counsel under Title 42 U.S.C. § 2000e–5(f) has not been considered by the

the better practice is to rule on the motion for appointment of counsel prior to ruling on the motions to dismiss. *Miles v. Department of the*

*Army,* 881 F.2d 777, 784 (9th Cir.1989); *See Brown–Bey v. United States,* 720 F.2d 467, 471 (7th Cir.1983).

U.S. Supreme Court or the U.S. Fourth Circuit of Appeals. Other circuits have addressed this discretionary issue and have agreed on three relevant factors for a district court to consider:

(1) the plaintiff's financial ability to retain an attorney;

(2) the efforts of the plaintiff to retain counsel; and

(3) the merits of the case.

*See, e.g., Miles v. Department of Army,* 881 F.2d 777, 784 n. 6 (9th Cir.1989); *Poindexter v. Federal Bureau of Investigation,* 737 F.2d 1173, 1185 (D.C.Cir.1984); *Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305, 1308–10 (5th Cir.1977). An additional factor used in helping a district court decide whether to appoint counsel is whether the plaintiff is capable of representing himself. *Hunter v. Department of Air Force Agency,* 846 F.2d 1314, 1317 (11th Cir.1988). As did a United States District Court for the Eastern District of Virginia in *Young v. K–Mart Corporation,* 911 F.Supp. 210 (EDVA 1996), this court will use all four factors to determine whether granting the plaintiff's motion for appointment of counsel is proper.

The first factor is the plaintiff's financial ability to retain counsel. In this case, the plaintiff has already been granted permission to proceed *in forma pauperis.* Accordingly, the court follows the earlier ruling and finds that the plaintiff lacks the financial ability to retain private counsel. The court weighs this factor in favor of appointing counsel.

The second factor is the efforts of the plaintiff to retain counsel. The court has not been provided information to make a determination as to whether plaintiff has made an effort to retain counsel. Inasmuch as the plaintiff has been permitted to proceed *in forma pauperis,* the court understands the difficulties in the plaintiff attempting to retain counsel without the ability to pay even a small retainer fee. However, the court finds that demonstrated efforts by the plaintiff to retain counsel on a contingency basis should have occurred. This court will not weigh this factor heavily against appointment of counsel.

The third factor is the merits of the case. In this case, the plaintiff claims that he was not hired because of his sex and age. If proved, the plaintiff would be entitled to relief under the statutes. Though the complaint could not be construed as frivolous, it is certainly not a strong discrimination case. The accusations by the plaintiff are not strongly supported by a showing of any discriminatory intent. Additionally, the defendants have a strong motion to dismiss presently before the court. The court finds that this third factor does weigh heavily against the appointment of counsel for the plaintiff.

The last factor the court will consider is whether the plaintiff is able to represent himself in the litigation. The court has read the pleadings of the plaintiff and it appears that he writes well and is capable with legal issues. But, the court understands the difficulty involved in Title VII litigation and gives little weight to the plaintiff's possible ability to effectively proceed in this legal matter.

After a careful review of the record and weighing of the above four factors, the court finds that the plaintiff is not entitled to appointed counsel. The court finds that the merits of the case are weak and can see no concrete proof of discriminatory intent. This court has chosen to give this third factor (weighing the merits of the case) significant weight.

Title 42 U.S.C. § 2000e–5(f) states that the court, "in its discretion," may stay further proceedings. Inasmuch as the court has rejected the plaintiff's request for counsel and that the plaintiff has presented no further grounds for his motion to stay, the court finds that staying this action is unnecessary.

*CONCLUSION*

Accordingly, the plaintiff's motion to appoint counsel is hereby DENIED; and, inasmuch as the court has denied appointment of counsel, the plaintiff's motion to stay further action in this matter until the court appoints an attorney is hereby DENIED as moot. In view of the court having denied plaintiff's motions for counsel and staying the action, the court will allow the plaintiff an additional 20 days from the filing of this order to retain private counsel and/or supplement his re-

sponse to the motion to dismiss. This court will not rule on the motion to dismiss until this time allowance has passed.