UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-2445

HAROLD ANDERSON,

Plaintiff - Appellant,

versus

JOHN E. POTTER, Postmaster General,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Leonie M. Brinkema, District
Judge. (CA-04-24)

Submitted: August 26, 2005      Decided: September 20, 2005

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David A. Branch, LAW OFFICES OF DAVID A. BRANCH, P.C., Washington,
D.C., for Appellant. Lori J. Dym, Chief Counsel, Martina M.
Stewart, UNITED STATES POSTAL SERVICE, Washington, D.C.; Paul J.
McNulty, United States Attorney, Matt M. Dummermuth, Special
Assistant United States Attorney, Alexandria, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Harold Anderson appeals the district court's order dismissing his civil action alleging employment discrimination under Title VII of the Civil Rights Act of 1964, as amended, and the Rehabilitation Act. We have reviewed the record and find no reversible error. Accordingly, we affirm substantially for the reasons stated by the district court as Anderson failed to properly exhaust his administrative remedies for these claims. See Anderson v. Potter, No. CA-04-24 (E.D. Va. Sept. 22, 2004); see also Woodward v. Lehman, 717 F.2d 909, 913-14 (4th Cir. 1983). Anderson also appeals the denial of his motion for appointment of counsel. We do not find the district court abused its discretion in denying the motion, and note that Title VII litigants have no statutory right to counsel. Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983); Young v. K-Mart Corp., 911 F. Supp. 210, 211 (E.D. Va. 1996). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.[*]

AFFIRMED

---

[*]We do not address Anderson's claim that he needed additional time for discovery following Defendant's motion for summary judgment as this claim is raised for the first time on appeal. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993) (holding that issues raised for the first time on appeal are generally waived absent exceptional circumstances).