**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1947

GAIL SCOTT,

Plaintiff - Appellant,

v.

HEALTH NET FEDERAL SERVICES, LLC,

Defendant - Appellee,

and

ROXANNA WORDEN; EILEEN YAEGER; RITA SIEGL; KATHRYN BUCHTA,

Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony J. Trenga, District Judge. (1:10-cv-00930-AJT-TCB)

Submitted: January 5, 2012          Decided: February 3, 2012

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gail Scott, Appellant Pro Se. George Bradley Breen, Brian Steinbach, EPSTEIN, BECKER & GREEN, PC, Washington, DC, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gail Scott appeals the district court's order granting summary judgment to her former employer, Health Net Federal Services, LLC ("Health Net"), on her claims of employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 (West 2003 & Supp. 2010). Finding no reversible error, we affirm.

We review de novo a district court's order granting summary judgment. Jennings v. Univ. of N.C., 482 F.3d 686, 694 (4th Cir. 2007) (en banc). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007) (quoting Fed. R. Civ. P. 56(c)). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); see also Scott, 550 U.S. at 380 ("Where the record taken as a whole could not lead a rational trier of fact to find for the

2

nonmoving party, there is no 'genuine issue for trial.'") (citation omitted).

Scott first claims that Health Net acted discriminatorily by wrongfully terminating her and treating her differently on the basis of her race. To establish a prima facie case of wrongful termination under Title VII, Scott was required to establish that: (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class. Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir. 2004) (en banc).

A prima facie case of disparate treatment required Scott to establish: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class. Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010). Upon a satisfactory prima facie showing, the burden shifts to the defendant to come forward with a legitimate, nondiscriminatory reason for the employment decision. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973). If the defendant meets this burden, the

3

burden returns to the plaintiff to demonstrate that the reason is pretextual and that discrimination was the motivating force behind the decision. Id. at 803-04.

The district court found that Scott, an African American female who was terminated from her position, satisfied the first two elements for wrongful termination and disparate treatment, as she was a member of a protected class and suffered an adverse employment action. However, Scott failed to present sufficient evidence with respect to the third element, satisfactory job performance. Therefore, the district court correctly awarded Health Net summary judgment regarding Scott's wrongful termination and disparate treatment claims.

Scott further claims that Health Net violated Title VII by terminating her in retaliation for her complaints of discrimination. To prevail on her Title VII retaliation claim, Scott was required to show that: (1) she engaged in a protected activity; (2) an adverse action was taken against her by the employer; and (3) there was a causal connection between the first two elements. Laber v. Harvey, 438 F.3d 404, 432 (4th Cir. 2006). Similarly, Scott failed to meet her burden of establishing a prima facie case, as she did not prove that her protected conduct, rather than her unsatisfactory performance, motivated her termination. Therefore, the award of summary judgment was proper.

4

Scott also argues that Health Net acted discriminatorily by creating a hostile work environment in violation of Title VII. To establish a prima facie case for a hostile work environment claim under Title VII, Scott bore the burden to show that the offending conduct was: (1) unwelcome; (2) based on her race or sex; (3) sufficiently severe or pervasive to alter the conditions of her employment and create an abusive atmosphere; and (4) imputable to the defendant. EEOC v. Cent. Wholesalers, Inc., 573 F.3d 167, 175 (4th Cir. 2009). Scott's allegations do not rise to the level of severe or pervasive conduct necessary to establish a hostile work environment claim; accordingly, we find that the district court did not abuse its discretion in awarding Health Net summary judgment as to this claim of discrimination as well.

Scott also challenges the district court's order cancelling oral arguments on Health Net's motion for summary judgment. There is no requirement that a ruling on a motion for summary judgment be preceded by a hearing. Cray Commc'ns, Inc. v. Novatel Computer Sys., Inc., 33 F.3d 390, 396 (4th Cir. 1994), and our review of the record leads us to conclude that the district court did not abuse its discretion in cancelling the summary judgment hearing. See Coakley v. Williams Const., Inc. v. Structural Concrete Equip., Inc., 973 F.2d 349, 352 (4th Cir. 1992) (finding that district court's decision to grant

5

summary judgment without a hearing is governed by an abuse of discretion standard).

Scott next avers the district court erred by denying her motion to appoint counsel. In making this determination, a trial judge should consider: (1) the plaintiff's financial ability to retain an attorney; (2) the efforts of the plaintiff to retain counsel; and (3) the merits of the case. Young v. K-Mart Corp., 911 F.Supp. 210, 211-12 (E.D.Va. 1999). We find that the district court did not abuse its discretion in denying Scott's motion to appoint counsel. See id. (denial of motion to appoint counsel is reviewed for abuse of discretion).

Finally, Scott contends that the district court erroneously admitted Health Net counsel Brian Steinbach pro hac vice and that Health Net counsel engaged in professional misconduct. However, Health Net complied with Local Rule 83.1(d) of the District Court for the Eastern District of Virginia governing the admittance of an attorney pro hac vice. Moreover, Scott fails to present evidence to support her allegations of misconduct on appeal. Accordingly, we find Scott's arguments to be meritless.

Based on the foregoing, we affirm the district court's grant of summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented

in the materials before the court and argument would not aid the decisional process.

AFFIRMED