Thomas D. Schroeder, United States District Judge
This case is before the court on several motions: a letter by Plaintiff Patrick B. Valcarcel, pro se, which the court treats as a motion, seeking an order to issue subpoenas for unspecified documents from the Social Security Administration as well as from several employees of Defendant ABM Industries/Diversico Industries ("ABM") and two employees of American Airlines (Doc. 32); another letter from Valcarcel, which the court treats as a motion, *564 for the appointment of counsel (Doc. 36); and a motion by ABM to compel Valcarcel to respond to certain discovery requests and a motion for protective order (Doc. 34). The motions are briefed and ready for decision.
Valcarcel alleges employment discrimination arising from his termination from ABM. The court has previously dismissed his claims for retaliation and gender discrimination. (Doc. 20.) Remaining are his claims for discrimination based on race and national origin under Title VII of the Civil Rights Act of 1964 and discrimination based on age (57 at the time of termination) under the Age Discrimination in Employment Act. Pursuant to the court's amended Rule 26(f) order, discovery closed February 28, 2019. (Dec. 11, 2018 Text Order.)
Motion for Subpoenas
Valcarcel first seeks an order from the court directing the issuance of subpoenas to the Social Security Administration as well as employees of ABM and American Airlines, a non-party. (Doc. 32.) This is not the first of such requests by Valcarcel. The court has previously rejected such requests and informed the Plaintiff of the proper method to seek documents under the Federal Rules of Civil Procedure. (See Dec. 11, 2018 Text Order.) In fact, the record reflects that at the December 11, 2018 hearing before the U.S. Magistrate Judge, Valcarcel acknowledged that he understood the proper procedure and would proceed in that manner. As he was previously told, documents from a party to this case, such as ABM, must be sought via a request for production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure, and not by way of a subpoena. If he wishes to obtain documents from a non-party, he must do so via subpoena in compliance with Rule 45 of the Federal Rules of Civil Procedure without the court's intervention. There is no evidence that Valcarcel has presented the Clerk of Court with any subpoenas to be issued. Finally, to the extent Valcarcel may contend that his motion, which is actually addressed to Mr. John Brubaker, Clerk of Court, is meant to request documents of ABM,[1] it fails to qualify as a proper request for production and does not appear to have been served on ABM. Therefore, the requests contained in Valcarcel's letter for discovery (Doc. 32) are denied.[2]
Request for Appointment of Counsel
Valcarcel next argues that he should be appointed counsel, given his unfamiliarity with the law. (Doc. 36.) Again, Valcarcel has previously made the same request (Doc. 5), which the court denied because it found that "[e]xceptional circumstances are not present at this time to warrant appointment of counsel." (Aug. 30, 2017 Text Order (citing Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987) (citing Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975) ).) Nothing has changed to alter this result.
This is a civil case. As such, Valcarcel is not constitutionally entitled to appointment of counsel. Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "a plaintiff does not have an absolute right to appointment of counsel," and a litigant "must show that his case is one with exceptional circumstances." Miller, 814 F.2d at 966. In addition, *565 under 42 U.S.C. § 2000e-5, the court may appoint counsel in an employment discrimination case "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). In considering a request for appointment of counsel in its discretion, the court may consider a plaintiff's financial ability to retain counsel, the efforts of the plaintiff to retain counsel, the merits of the case, and whether the plaintiff is capable of representing himself. Adefila v. Select Specialty Hosp., No. 1:13CV68, 2013 WL 866868, at *4 (M.D.N.C. March 7, 2013) ; Tyson v. Pitt Cty. Gov't, 919 F. Supp. 205, 206-07 (E.D.N.C. 1996) ; see Scott v. Health Net Fed. Servs., LLC, 463 F. App'x 206, 209 (4th Cir. 2012).
Careful review of the present case in light of these standards convinces the court that Valcarcel has not established extraordinary circumstances to warrant appointment of counsel under 28 U.S.C. § 1915, nor has there been a sufficient showing as to the merits of the case that would warrant appointment of counsel under 42 U.S.C. § 2000e-5. Valcarcel's request for appointment of an attorney (Doc. 36) will therefore be denied.
ABM's Motion to Compel and for Protective Order
Finally, ABM seeks a protective order against discovery served by Valcarcel as well as an order compelling him to comply with prior discovery ABM served on him. (Doc. 34.) ABM requests the protective order against Valcarcel's service of a request for production of documents on February 12, 2019, on the grounds that they are untimely. Under Federal Rules of Civil Procedure 6 and 34, responses to such requests are due 30 days after service or, if served by mail, 33 days. Here, Valcarcel served the requests by mail, so responses would be due on March 17, 2019. However, under Local Rule 26.1, all discovery requests must be served so as to provide for a timely response within the period of discovery set forth in the Rule 26(f) order. L.R. 26.1(c) ("The requirement that discovery be completed within a specified time means that adequate provisions must be made for interrogatories and requests for admission to be answered, for documents to be produced, and for depositions to be held within the discovery period.") Because discovery closed February 28, 2019, Valcarcel's requests are untimely and ABM need not respond to them.
ABM also seeks an order to compel Valcarcel to respond to certain discovery requests made timely within the period of discovery. ABM filed its motion to compel before the expiration of the discovery period, so it is timely. However, ABM has subsequently filed a motion for summary judgment, which suggests that the motion to compel may be moot. Therefore, the court will deny the motion to compel but without prejudice to its being reasserted should ABM contend that the documents are necessary for its motion for summary judgment.[3]
For these reasons, therefore,
IT IS ORDERED that Valcarcel's motion for discovery (Doc. 32) and appointment of counsel (Doc. 36) are DENIED.
IT IS FURTHER ORDERED that ABM's motion for protective order (Doc. 34) is GRANTED, and ABM shall not be obliged to respond to Valcarcel's request for production of documents served February 12, 2019 (Doc. 34-5).
*566 IT IS FURTHER ORDERED that ABM's motion to compel discovery (Doc. 34) is DENIED WITHOUT PREJUDICE to its being reasserted should ABM contend that the documents are necessary for its motion for summary judgment.

This is unlikely, as Valcarcel served a request for production of documents on ABM on February 12, 2019. (Doc. 34-5.)

This is without consideration of the apparent overbreadth of the requests.

This appears unlikely, given ABM's representation that it would notify the court if it needed to reopen Valcarcel's deposition after having received 1,212 documents from Plaintiff at his deposition. (Doc. 34 at 2.) ABM did not file any such notice but instead filed its motion for summary judgment.